NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RONALD BASS, SR.,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2024-1321

---

Appeal from the United States Court of Federal Claims in No. 1:23-cv-01999-EGB, Senior Judge Eric G. Bruggink.

---

Decided:  August 7, 2024

---

RONALD BASS, SR., North Plainfield, NJ, pro se.

STEPHEN J. SMITH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by BRIAN M. BOYNTON, LISA L. DONAHUE, PATRICIA M. MCCARTHY.

---

PER CURIAM.

Ronald Bass, Sr. appeals from the United States Court of Federal Claims' dismissal of his complaint for lack of subject-matter jurisdiction. For the following reasons, we affirm.

## BACKGROUND

Mr. Bass filed a complaint against the United States, asserting subject-matter jurisdiction under the Tucker Act, 28 U.S.C. § 1491. He sought damages arising from "injuries and assault" by medical personnel and "unjust conviction and imprisonment." S.A. 8.[1] The complaint alleged that Mr. Bass "was a target for medical monitoring for physiologic and pathologic investigation for the noxious agents which [Mr. Bass] was injected with and subjected to by UMDNJ University Hospital."[2] S.A. 10. Specifically, Mr. Bass sought damages for injuries as a result of long-term use of a prescribed opioid. The complaint also included claims of Fifth and Fourteenth Amendment violations and requested $5 billion in damages. Mr. Bass further requested the Court of Federal Claims to issue a restraining order against U.S. government agencies to cease and desist unlawful acts against Mr. Bass and his family.

The Court of Federal Claims concluded that it lacked jurisdiction over Mr. Bass's complaint. First, the court noted that Mr. Bass's claims are tort claims—relating to a physical injury to his person—and therefore are specifically excluded from the Court of Federal Claims' jurisdiction. The court determined that it "may not exercise jurisdiction over Mr. Bass's case because his claims all relate to a physical injury to his person—unconsented

---

[1] "S.A." refers to the supplemental appendix included with the government's informal brief.

[2] "UMDNJ" refers to the University of Medicine and Dentistry of New Jersey.

injection—and the physical and mental harms resulting from it." S.A. 2.

Second, the Court of Federal Claims concluded that it "may only exercise jurisdiction over Fifth Amendment cases in limited instances—when the government's action constitutes an illegal taking of property—and . . . may not redress Fourteenth Amendment claims." S.A. 2. Because the court determined that Mr. Bass's claims involved personal injury, it found no taking of property over which the court could exercise jurisdiction.

Third, the Court of Federal Claims concluded that Mr. Bass's non-monetary, injunctive relief was also outside its jurisdiction. The court noted that only in "very narrow circumstances" may it grant injunctive relief, such as matters involving government contracts, which are inapplicable to Mr. Bass's claims. S.A. 3.

Mr. Bass timely appealed, and we have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review the Court of Federal Claims' dismissal for lack of subject-matter jurisdiction de novo. *Waltner v. United States*, 679 F.3d 1329, 1332 (Fed. Cir. 2012).

The Court of Federal Claims is a federal tribunal of limited jurisdiction. *See* 28 U.S.C. § 1491 (known as the Tucker Act). In the Tucker Act, Congress waived sovereign immunity for certain actions for monetary relief against the United States. *See id.* Plaintiffs who pursue claims under the Tucker Act "must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part).

Mr. Bass seeks $5 billion in compensation for alleged injuries resulting from unconsented injections at the state-run UMDNJ, including "wrongful imprisonment, medical

damages, emotional distress, and vicarious psychological and physical harm to his son." S.A. 1. Mr. Bass alleges a violation of his rights under the First, Fourth, Sixth, and Fourteenth Amendments, as well as battery, trespassing, and defamation-of-character claims, among others.

Under the Tucker Act,

The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated *damages in cases not sounding in tort.*

28 U.S.C. § 1491(a)(1) (emphasis added). Mr. Bass's complaint involves tort claims resulting from his alleged physical injuries, which the Tucker Act expressly excludes. *See Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008). The Court of Federal Claims therefore did not err in dismissing such claims.

Additionally, claims based on statutory or constitutional provisions require the plaintiff to identify a "money-mandating" source of law. "The Tucker Act itself does not create a substantive cause of action; in order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher* 402 F.3d at 1172. Here, Mr. Bass fails to identify a separate source of law that creates the right to money damages for his claims. Most provisions Mr. Bass cites, including the Fourteenth Amendment, are not a money-mandating source of law against the United States. *E.g.*, *LeBlanc. v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (concluding that the Due Process Clauses of the Fifth and Fourteenth Amendments are not money mandating). And while he does cite one provision that can support a claim "for

damages by any person unjustly convicted of an offense against the United States and imprisoned," 28 U.S.C. § 1495, he has not pleaded that he was wrongfully imprisoned by the United States. Therefore, the Court of Federal Claims correctly concluded that it "must dismiss because there is no jurisdiction over any claim asserted by plaintiff." S.A. 3.[3]

## CONCLUSION

We have considered Mr. Bass's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm.

**AFFIRMED**

COSTS

No costs.

---

[3] Although we have also considered Mr. Bass's supplemental submissions in this case, ECF Nos. 14, 17, 20, 21, 22, 23; they do not change our conclusion.